

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00711-CR

Francisco Antonio **RAMIREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2238
Honorable Catherine Torres-Stahl, Judge Presiding

PER CURIAM

Sitting: Marialyn Barnard, Justice
    Rebeca C. Martinez, Justice
    Patricia O. Alvarez, Justice

Delivered and Filed:  October 24, 2018

DISMISSED FOR WANT OF JURISDICTION

Appellant Francisco Antonio Ramirez pled nolo contendere to the offense of possession with intent to deliver a controlled substance, more than four grams but less than two hundred grams.  Pursuant to a plea agreement, the trial court sentenced Ramirez to five years' confinement and a $1,500.00 fine.  On October 2, 2018, Ramirez filed a pro se notice of appeal.  The clerk's record contains a copy of the judgment of conviction, but does not include a motion for new trial. Because Ramirez did not file a timely motion for new trial, the deadline for filing a notice of appeal was September 24, 2018.  *See* TEX. R. APP. P. 26.2(a)(1).  A notice of appeal was not filed, however,

until October 2, 2018, and at no point did appellant timely file a motion for extension of time to file the notice of appeal. *See id.* R. 26.3.

Because the notice of appeal appeared to be untimely, we ordered Ramirez to file a written response in this court on or before November 8, 2018 showing cause why we should not dismiss this appeal for want of jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction). We also advised Ramirez that if no satisfactory response was filed within the time provided, we would dismiss the appeal for want of jurisdiction.

In that same order, we also noted the trial court signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). We therefore advised Ramirez that if jurisdiction was established, we may be required to dismiss the appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See id.* R. 25.2(d).

Ramirez's appointed appellate counsel filed a response. In that response, counsel agrees the notice of appeal was untimely, and there is nothing in the record to establish Ramirez mailed the notice of appeal by September 24, 2018, or timely filed a motion for extension of time to file the notice of appeal.

The timely filing of a written notice of appeal is a jurisdiction prerequisite. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2010). In the absence of a timely filed notice of appeal, we have no option but to dismiss the appeal for want of jurisdiction. *Id.* Accordingly, because the record establishes the notice of appeal in this case was not timely filed and counsel

has failed to provide any documentation to the contrary, we dismiss the appeal for want of jurisdiction.[1] *See id*.

PER CURIAM

Do Not Publish

---

[1] We could also dismiss the appeal pursuant to Rule 25.2(d), but given we lack jurisdiction, we dismiss on this basis.